OPINION
{¶ 1} On July 31, 2001, appellant Hartland Hardwood Products, Inc. filed a class action complaint against appellees, Interforest Corporation and Interforest Lumber Corporation, seeking damages for breach of contract, deceptive trade practices, fraud, and unjust enrichment.
 {¶ 2} Appellee Interforest Lumber Corporation was a division of Interforest Corporation until December 12, 1997. From that date forward, appellee Interforest Lumber Corporation has been a separate corporation, with its corporate offices in Shade Gap, Pennsylvania. Both companies are named defendants in the action, as some of the contracts in question pre-date December, 1997.
 {¶ 3} Appellees sell twelve different species of lumber, each having six different thicknesses, and five different grades, resulting in a total of 360 different combinations of lumber species, thicknesses, and grades coming from appellees' mills. All lumber coming out of appellees' mills is measured by the same device, using the same technique. Appellant ordered only one of the 360 combinations of lumber. In its complaint, appellant alleged that the lumber appellees shipped to appellant was not cut to the same length and width as appellant had ordered, yet appellant was charged for the lumber as ordered.
 {¶ 4} The first of three pre-trials in the instant action occurred on September 24, 2001. Appellees argued that appellant's discovery request would result in appellees having to turn over hundreds of thousands of documents. The court granted a protective order, limiting the discovery period to three years, from July 31, 1998, to the present.
 {¶ 5} The court further limited discovery to customers buying 5/4 FAS-1 red oak, the same lumber purchased by appellant.
 {¶ 6} In March of 2002, discussions began between counsel for the parties concerning production of documents. Because of the large volume of documents required, discussions occurred between the parties as to whether to photocopy the documents, or whether counsel for appellant would travel to Shade Gap to review the records.
 {¶ 7} The trial court held a second pre-trial hearing on May 8. The court's pre-trial order required appellees to notify counsel for appellant within seven days of the estimated cost to copy the documents referred to at the pre-trial hearing. Counsel for appellant was then to decide whether to travel to Pennsylvania, or have the documents copied. The entry further scheduled a hearing on the certification of the class action on August 16, 2002, and scheduled trial for September 16, 2002.
 {¶ 8} In June and July, the parties continued discussions concerning discovery. Correspondence between the parties, filed with the court in this case, indicated that counsel for appellee notified counsel for appellant within seven days of the May 8th order that the estimated cost would be 30 hours of labor at $16.00 per hour, and 2100 Xerox copies at $.05 per copy. In July, the parties tentatively agreed that appellees would make the requested copies. The parties would split the labor costs, but not the $.05 per copy Xerox expense.
 {¶ 9} On August 16, 2002, the court put on a third pre-trial order, stating that appellant and counsel for appellant failed to appear for the scheduled hearing on the motion to certify the class action. The court scheduled a show-cause hearing for the date of trial. The court ordered the parties to submit briefs, affidavits, and any other supporting documents concerning the certification issue by August 23, and the court would rule on the class certification based on the briefs. In response, appellant argued that the issue of certification was not ripe for review, as discovery had not been completed. On September 18, 2002, the court denied class certifications status.
 {¶ 10} Appellant assigns a single error:
 {¶ 11} "The trial court erred as a matter of law and abused its discretion in denying appellant's class certification when appellants never moved for class certification because appellee failed to adequately respond to discovery and when the court did not make the proper requisite findings regarding:
"1. NUMEROSITY;
"2. COMMONALITY;
"3. TYPICALITY; AND
"4. ADEQUACY REQUIRED FOR CLASS CERTIFICATION."
 {¶ 12} Appellant first argues that the court erred in ruling on the issue of class certiification, as appellant had not yet filed a motion to certify the class, and appellees had not provided appellant with the discovery necessary to provide the court with information concerning the suitability of a class action.
 {¶ 13} The record demonstrates that appellees had provided appellant with two options concerning production of documents, considering the large volume of documents involved in the discovery motion. Over a period of several months, the parties had discussed whether to have the documents photocopied, or whether to have counsel for appellant travel to Pennsylvania to review the documents. The record further reflects that counsel for appellees had provided appellant with the cost of copying in May, yet at the time of the certification hearing in August, appellant had yet to make a decision as to how to proceed with discovery. Further, the court's pre-trial order of May 8th indicates that the class certification issue would proceed to a hearing on August 16. As the documents were made available prior to that time, it was incumbent on appellant to make a decision as to how to proceed with discovery. Having failed to take advantage of appellees' offers to make the documents available or photocopy them for appellant, appellant cannot now complain that the court erred in ruling on the issue of class certification before discovery was complete.
 {¶ 14} Appellant also argues that the court erred in denying certification on the merits. Class certification is governed by Civ.R. 23:
(A) Prerequisites to a class action
 {¶ 15} "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
(B) Class actions maintainable
 {¶ 16} "An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
 {¶ 17} "(1) the prosecution of separate actions by or against individual members of the class would create a risk of
 {¶ 18} "(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
 {¶ 19} "(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 {¶ 20} "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 {¶ 21} "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."
 {¶ 22} Civ.R. 23(C)(1) further provides that as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.
 {¶ 23} Appellant concedes that our standard of review of the court's decision concerning whether a class action may be maintained is abuse of discretion. Planned Parenthood Association of Cincinnati, Inc.v. Project Jericho (1990), 52 Ohio St.3d 56.
 {¶ 24} Appellants sought to prosecute the class action on behalf of all persons, entities, or individuals who purchased lumber from appellees from July 31, 1996, up to and including the date of trial, where said lumber was agreed to be a certain quantity within certain specifications, and said lumber delivered by appellees was not within the specifications as agreed. As noted by the court, while appellant's allegations appear to be simplistic, as the issue is whether the correct amount of lumber to specification is delivered to each buyer, in reality each transaction would be subject to many variables and issues unique to that transaction and the relationship between the parties. Issues such as different terms and conditions of the contracts between the parties, potential counterclaims, opportunity to cure, negotiations before and after the transaction, and the custom and practice of the state where the transaction took place would cause each individual case to differ from the others. As noted earlier, appellees sell 360 different combinations of lumber, at prices which fluctuate for each variety from day to day. Each customer puts its lumber to a different use, and the amount of waste in a given transaction depends on the customer's skill and the use to which the lumber is being put. The record supports the court's decision that the proposed class action failed to meet the prerequisites that there are questions of law or fact common to the class, and the claims and defenses of the representative parties are typical of those in the class. The court did not abuse its discretion in denying class certification.
 {¶ 25} The assignment of error is overruled.
 {¶ 26} The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.